# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GENARO HERNANDEZ and VERONICA HERNANDEZ, | Case No.: 2:10-cv-00282-RLH-RJJ |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion for Relief from Judgment–#17) |
| CHAD GOLIGHTLY, GAZDA & TADAYON, LTD., MARK B. KABINS, M.D., *et al.*, | |
| Defendants. | |

     Before the Court is Plaintiffs Genaro Hernandez and Veronica Hernandez's **Motion for Relief from Judgment** (#17), filed June 28, 2010. The Court has also considered Defendant Mark B. Kabins, M.D.'s Opposition (#18), filed July 6, 2010, as well as Defendants Chad Golightly and Chad Golightly, Ltd.'s Opposition (#19), filed July 12, 2010.

## BACKGROUND

     This dispute arises out of Plaintiffs' allegation that Defendants engaged in conduct actionable under both the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, and NRS § 207.350, *et seq*. Plaintiffs commenced this action on March 2, 2010. On June 14, 2010, this Court granted a motion to dismiss several parties and claims for

insufficient service of process and for failure to state a claim upon which relief could be granted. (Dkt. #16, Order.)  After the Court issued this order there were still four Defendants remaining in the case which had not been properly served—Raimundo Leon, M.D. (the individual), Raimundo Leon, M.D. (the corporate entity), Michael Prater, M.D., and Kraft Center for Pain Control, LLC.  This case, therefore, remained open with respect to those Defendants.  However, Plaintiffs failed to serve these remaining Defendants.  Accordingly, on July 29, the Court issued a notice of intent to dismiss pursuant to Rule 4(m).  (Dkt. #20.)  Finally, on June 28, Plaintiffs filed this motion for relief from the Courts June 14 Order (#16).  For the reasons discussed below, the Court denies Plaintiffs motion for relief from judgment, dismisses the remaining Defendants, and directs the Clerk of the Court to close this case.

**DISCUSSION**

**I.     Plaintiffs' Motion for Relief from Judgment**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Motions for relief from judgment are properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).  Finally, Rule 60(b) motions are not "the proper vehicles for rehashing old arguments." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).

Plaintiffs seek relief from this Court's June 14, 2010, Order (#16) pursuant to Rules 60(b)(1), (3), and (6).  However, Plaintiffs merely assert arguments that could have previously been asserted, and a Rule 60(b) motion is not "intended to give an unhappy litigant one additional

chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).  Thus, Plaintiffs have failed to establish any reason to entitle them to relief from this Court's order under those provisions.  Therefore, the Court denies the motion.

**II.     Remaining Defendants**

Rule 4(m) of the Federal Rules of Civil Procedure states, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  On July 29, 2010, this Court issued a notice of intent to dismiss pursuant to Rule 4(m).  (Dkt. # 20.)  Despite this notice of intent to dismiss, Plaintiffs have failed to provide the Court with proof of service for Defendants Raimundo Leon, M.D. (the individual), Raimundo Leon, M.D. (the corporate entity), Michael Prater, M.D., and Kraft Center for Pain Control, LLC.  Apparently, Plaintiffs were under the impression that this Court's June 14 order (#16) closed the case as to all Defendants—it did not.  Therefore, Plaintiffs failure to properly serve the above named Defendants after that notice warrants their dismissal.  Furthermore, even if Plaintiffs had properly served these Defendants, the Court finds that Plaintiffs fail to assert a valid claim against those Defendants under Rule 12(b)(6) for the reasons stated in this Courts previous Order (#16).  Therefore, the Court dismisses this action in its entirety.

/
/
/
/
/
/
/
/
/

3

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Judgment (#17) is DENIED.

IT IS FURTHER ORDERED that the following Defendants are dismissed: Raimundo Leon, M.D. (the individual), Raimundo Leon, M.D. (the corporate entity), Michael Prater, and M.D.Kraft Center for Pain Control, LLC.   The Clerk of the Court is directed to close the case.

Dated: January 3, 2011

_____
**ROGER L. HUNT**
Chief United States District Judge